UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAN CLOMBURG & ALAN CLOMBURG | CIVIL ACTION |
| VERSUS | NO: 06-8870 |
| ALLSTATE INSURANCE COMPANY AND BILLY BRAVENDER | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion of Jan Clomburg and Alan Clomburg to remand is **GRANTED**, and the case is **REMANDED** to the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana.  (Document #6.)

### I. BACKGROUND

Jan and Alan Clomburg purchased a homeowner's policy of insurance to cover their home in Chalmette, Louisiana, from Allstate Insurance Company through Bill Bravender.  In August and September 2005, their home and property were severely damaged by Hurricanes Katrina and Rita.  The Clomburgs submitted a notice of claim to Allstate, but they were unsuccessful in their attempts to negotiate a settlement.

The Clomburgs filed a petition for damages in the 34th Judicial District Court for the Parish of St. Bernard against Allstate and Bravender.  They allege that Allstate breached the

contract of insurance by failing to investigate and adjust the claims in a timely manner and breached its fiduciary duty in bad faith.  As to Bravender, the plaintiffs allege that he failed to evaluate and advise them of their insurance needs, negligently failed to procure the requested homeowner's and flood insurance for the value of the property, and negligently made representations and promises regarding coverage for loss from windstorm.

Allstate removed the case to federal court, asserting diversity jurisdiction.  The Clomburgs filed a motion to remand.

## II. DISCUSSION

### A.  Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### B. Improper joinder

Allstate contends that Bravender's citizenship should not be considered in determining if the parties are diverse.  Allstate argues that Bravender is improperly joined because the claims against him are perempted under La. Rev. Stat. § 9:5606 and, alternatively, the plaintiffs cannot establish a cause of action in negligence against Bravender.

#### 1. Peremption

Allstate contends that the claims against Bravender are perempted under La. Rev. Stat.

2

9:5606.[1]  Allstate argues that the peremptive period commenced more than ten years ago, in 1995, when Bravender sold the Clomburgs the homeowners policy.  Allstate contends that the court should not consider the plaintiffs' argument that each renewal restarted the peremptive period because it was not alleged in the complaint.

Generally, subsequent renewals of insurance policies "do not operate to restart peremption."  Dobson v. Allstate Ins. Co., 2006 WL 2078423 at *8 (E.D. La. 2006) (citing Biggers v. Allstate Insurance Co., 886 So.2d 1179, 1182-83 (La. Ct. App. 2004)). "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." Biggers, 886 So.2d at 1182; see also Sonnier v. Louisiana Farm Bureau Mutual Ins. Co., 924 So.2d 419, 422 (La.Ct. App. 2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).

The defendants have not established that there is no reasonable basis to predict that the renewal of the policy was not a separate and distinct act from the original purchase of the policy. In the complaint, the Clomburgs base their claim on the policy that was sold by Bravender on

---

[1]  La. Rev. Stat. 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

July 29, 2005 and was in effect on August 29, 2005.

The Clomburgs allege that they discovered that their insurance was not adequate after they filed their notice of claim and, thereafter, filed the petition for damages in state court on August 18, 2006, within one year of the date of discovery. The allegations in the complaint are taken as true; therefore, Allstate has not demonstrated that there is no possibility of recovery against Bravender based on La. Rev. Stat. 9:5606.

### 2. Breach of duty

Allstate contends that Bravender owed no duty to the Clomburgs, other than to procure the requested coverage.

In <u>Karam v. St. Paul Fire & Marine Ins Co.</u>, 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." <u>Graves v. State Farm Mut. Auto Ins. Co.</u>, 821 So.2d 769, 773 (La. Ct. App. 2002).

In his affidavit, Alan Clomburg states that he relied upon Bravender's expertise and knowledge in procuring necessary and adequate coverage. Although the home had a 2005 pre-

Katrina value of $174,000, it was insured for only $111,000.  Further, Alan states that Bravender was aware that the Clomburgs wanted to purchase flood and homeowner's insurance coverage because they asked to be fully insured in the event of a hurricane.

The Clomburgs' allegations are sufficient to survive a Rule 12(b)(6)-type challenge for failure to state a claim that Bravender assumed a duty greater than merely procuring insurance. Accordingly, the court finds that Allstate has not established that there is no reasonable basis to predict that the Clomburgs may recover against Bravender on the breach of duty claim. Therefore, Allstate has not established that Bravender is improperly joined.

## C.  Misjoinder of parties

Allstate contends that the claims against Bravender are fraudulently misjoined because they have no real connection to the claims against Allstate.

In Radlauer v. Great Norther Ins. Co., 2006 WL 1560791 (E.D. La. May 16, 2006), the plaintiff filed suit against Great Northern Insurance Company (Great Northern), Gerald Murray, and Insurance Underwriters Limited (Insurance Underwriters), a non-diverse defendant.  Great Northern and Murray removed the case based on fraudulent misjoinder of Insurance Underwriters because the claims against the non-diverse defendant were not sufficiently related to those against the diverse defendants.  The district court in Radlauer found that there was no misjoinder because there was only one plaintiff suing an insurance company, one of its adjustors, and the seller of the insurance policy.  Although Radlauer alleged different grounds of recovery against the defendant, there was a palpable or real connection between the claims and the parties joined because the plaintiff sought recovery was for the same injury.

The court applies the reasoning of <u>Radlauer</u> and holds that there is no misjoinder of the parties in this case. As in <u>Radlauer</u>, the Clomburgs seeks recovery from the insurance company and the insurance agent based on insurance coverage for the damaged property. This is not a case in which the plaintiffs have joined unrelated claims to defeat the court's jurisdiction. Because the parties are not "fraudulently misjoined," diversity jurisdiction is lacking.

### III. CONCLUSION

The non-diverse party is not improperly joined, and the court lacks subject matter jurisdiction to hear the case. The Clomburgs' motion to remand is granted, and the case is remanded.

New Orleans, Louisiana, this  19th  day of March, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**